# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTOINE C. THREATT, | : | HABEAS CORPUS |
| a.k.a. A. Khalil N. Hamid, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-4317-TWT-GGB |
| | : | |
| EZELL BROWN, Sheriff, | : | |
|     Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Antoine C. Threatt, an inmate at the Newton County Detention Center in Covington, Georgia, has filed a pro se habeas corpus petition under 28 U.S.C. § 2254. This matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1] For the reasons discussed below, I recommend that the petition be summarily dismissed without prejudice under Rule 4.

---

[1] Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4 Advisory Committee Notes.

## Petitioner's Claims

According to Petitioner, he was convicted on October 20, 2011, following a guilty plea in the Newton County Superior Court to three counts of forgery, identity fraud, perjury, and giving a false name/information to a law enforcement officer and was sentenced to ten years. [Doc. 1 at 1]. Petitioner indicates in his petition that he has not filed a motion for new trial, appealed from the judgment of conviction, or filed any other petitions, applications or motions with respect to his conviction. On December 12, 2011, Petitioner filed this petition under 28 U.S.C. § 2254 seeking to challenge the constitutionality of his convictions and sentence. In his petition, Petitioner raises the following claims: his plea was not knowing and voluntary; his conviction was obtained by use of a coerced confession; he was denied effective assistance of counsel; and his conviction was obtained by use of evidence seized during an unlawful arrest.

## Discussion

Under 28 U.S.C. § 2254(b)(1), a district court may not grant a petition for a writ of habeas corpus unless it appears that:

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)   (i) there is an absence of available State corrective process; or

2

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In determining whether the exhaustion requirement of § 2254(b)(1) has been met, § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." While rejecting a strict interpretation of § 2254(c), the Supreme Court does require "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner does not allege in his petition that he has exhausted his state remedies by completing one round of review. Petitioner has at least one remedy available to him. He can file a petition for state habeas corpus relief under O.C.G.A. § 9-14-1(c), which states, "Any person restrained of his liberty as a result of a sentence imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." Petitioner has made no showing or argument that he has pursued this remedy in state court or that the available state

3

process is ineffective to protect his rights. So long as review is available in the Georgia courts, 28 U.S.C. § 2254(b)(1) prevents this Court from granting Petitioner habeas corpus relief.

**Certificate of Appealability**

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

I find that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Petitioner has not exhausted his claims in the state courts, and he still has remedies available to him. Thus, a certificate of appealability should not

4

issue. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

### Conclusion

Based on the foregoing, **I RECOMMEND** that the petition be **DISMISSED WITHOUT PREJUDICE** under Rule 4 so that Petitioner may exhaust his available state remedies.

**I ORDER** that Petitioner be **GRANTED** in forma pauperis status for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED** this 21st day of December, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)